UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENCION GOMEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRIAN CATES,<br><br>　　　　Respondent. | Case No. 1:23-cv-01001-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Ascencion Gomez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is not cognizable in federal habeas corpus, the undersigned recommends that the petition be dismissed without prejudice to refiling the claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

In 1997, Petitioner was convicted in the San Bernardino County Superior Court of first-degree murder with use of a firearm and attempted murder with use of a firearm and sentenced to an imprisonment term of fifty-two years to life. (ECF No. 1 at 1.)[1] On July 5, 2023, Petitioner filed the instant petition for writ of habeas corpus wherein Petitioner challenges the Board of Parole Hearings' denial of parole. (Id. at 5.) Petitioner asserts that the Board arbitrarily denied

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

him parole, in violation of the Fourteenth Amendment, and did not give him a meaningful opportunity to obtain release, in violation of the Eighth Amendment. (ECF No. 1 at 5, 11.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Federal Habeas Corpus Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted the rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In the petition, Petitioner challenges the Board of Parole Hearings' denial of parole, arguing that the Board arbitrarily denied parole and did not give him a meaningful opportunity to obtain release, in violation of the Fourteenth and Eighth Amendments. (ECF No. 1 at 5, 11.) The Court finds that success on Petitioner's claims would not necessarily lead to a grant of parole, but rather a new parole hearing. See Richardson v. Bd. of Prison Hearings, 785 F. App'x 433,

434 (9th Cir. 2019) (holding that petition asserting Eighth and Fourteenth Amendment violations arising from denial of request for early parole would not necessarily result in immediate release from prison but rather entitlement to a new parole hearing). Under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it. Nettles, 830 F.3d at 935. As success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, these claims do not fall within "the core of habeas corpus," and thus, are not cognizable in federal habeas corpus. See Nettles, 830 F.3d at 935. Accordingly, Petitioner has failed to state cognizable claims for federal habeas corpus relief with respect to his claims challenging the denial of parole, and dismissal is warranted on this ground.

### B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. The Court notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Moreover, the petition names Brian Cates, the warden at the California Correctional Institution, as Respondent and thus, does not name the correct defendant in a civil rights action challenging the Board of Parole Hearings' denial of parole. See Ashcroft

1  v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official
2  defendant, through the official's own individual actions, has violated the Constitution."). This
3  conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed
4  civil action brought pursuant to 42 U.S.C. § 1983.

### III.
### RECOMMENDATION & ORDER

7  Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of
8  habeas corpus be DISMISSED without prejudice to refiling the claims in a properly filed civil
9  action brought pursuant to 42 U.S.C. § 1983.

10  Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to
11  the present matter.

12  This Findings and Recommendation is submitted to the assigned United States District
13  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
14  Rules of Practice for the United States District Court, Eastern District of California. Within
15  **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
16  written objections with the court and serve a copy on all parties. Such a document should be
17  captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
18  United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
19  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
20  time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
21  834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 2, 2023**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

4