**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASCENCION GOMEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRIAN CATES,<br><br>　　　　　Respondent. | No. 1:23-cv-01001-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 6) |

　　　　Ascencion Gomez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 2, 2023, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for failure to state a cognizable claim for federal habeas relief. (Doc. 6.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. On September 7, 2023, Petitioner filed timely objections. (Doc. 7.)

　　　　According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis.

　　　　In the objections, Petitioner states that the petition "allege[s] that the Board arbitrarily

1

denied [Petitioner] parole at [his] suitability hearing . . . by disregarding its own procedures and recommendations for suitability, and that the reasons it gave to find [Petitioner] ineligible were defective," and "the Board did not give [Petitioner] a meaningful opportunity to obtain release." (Doc. 7 at 3.) Petitioner states that he is "not only challenging the Board's improper denial of parole based on procedural defects, [he is] also challenging the Board's improper denial of parole based on the merits." (*Id.*)

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. U.S. 1, 7 (1979). However, California law creates a state liberty interest in parole that is protected by the Due Process Clause. *See Swarthout v. Cooke*, 562 U.S. 216, 219–20 (2011) (per curiam). With respect to the procedures required to satisfy due process in the context of parole eligibility decisions, the Supreme Court has stated:

> When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. "The Constitution," we held, "does not require more."

*Cooke*, 562 U.S. at 220 (citations omitted). "Because the only federal right at issue is procedural, the relevant inquiry is what process [the prisoner] received . . . ." *Cooke*, 562 U.S. at 222.

The petition does not allege that Petitioner was deprived of an opportunity to be heard or that he was not provided a statement of reasons why parole was denied. "[T]herefore, after *Cooke*, our inquiry is at its end." *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011). Further, as found in the findings and recommendations, success on Petitioner's claims would result in a new parole hearing rather than a grant of parole. As relief would not "necessarily lead to an earlier release," Petitioner's claims are not "within the core of habeas" and this Court lacks jurisdiction over the petition. *Nettles v. Grounds*, 830 F.3d 922, 927–28, 935 (9th Cir. 2016) (en banc). *Accord Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("Success . . . means at most a new parole hearing at which [state] parole authorities may, in their discretion, decline to shorten his

prison term," which would not "necessarily spell speedier release" and thus, does not lie at "the core of habeas corpus.").

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further.  Therefore, the Court declines to issue a certificate of appealability.

In summary, the Court **ORDERS**:

1. The findings and recommendations issued on August 2, 2023 (Doc. 6) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to **CLOSE THE CASE**.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 19, 2023**

UNITED STATES DISTRICT JUDGE